## FRANK LEMELIN'S CASE.

Somerset.    Opinion December 23, 1921.

*A petition for review under the provisions of the Workmen's Compensation Act,*
*where there has been an agreement for compensation made by employee and*
*employer and approved by the commission, must be filed within two*
*years from the date of such approval, and within the time for*
*which compensation was fixed under such agreement.*

An agreement for compensation made by and between the employer and
employee under the Workmen's Compensation Act, and approved by the
commission has the force of a judgment of a court (sec. 35) and is subject
to review under Section 36, but only in the manner and within the time therein
specified, viz.: "At any time before the expiration of two years from the date
of the approval of the agreement by the commission————but not after-
wards, and before the expiration of the period for which compensation has
been fixed by such agreement————but not afterwards."

In the instant case had a petition for review been filed within two years after
August 24, 1918, and within the one hundred and twenty-five weeks for which
compensation was fixed under the agreement, it would have been within the
statute.    But the petition in this case is not a petition for review.    It is an
original petition.    If it could be construed into a petition for review, and it
clearly cannot be, it would be barred by the statutory limitation of Section 36.
Being an original petition for compensation, it is barred by the two-year limita-
tion specified in Section 39.    The court may construe the Act liberally but it
cannot amend or add to it.

On appeal.    An appeal from a decree of a sitting Justice confirming
the findings of the Chairman of the Industrial Accident Commission
under the Workmen's Compensation Act.    The claimant entered
into an agreement with the employer for compensation, under the
terms of which compensation was to be paid at the rate of $7.27 per
week for a period of one hundred and twenty-five weeks, which agree-
ment was approved by the commission.    The approval by the com-
mission was dated August 24, 1918, and the period of one hundred and
twenty-five weeks began June 4, 1918.    On January 21, 1921, claim-
ant filed a petition for award of compensation, and a hearing held,

and a decree rendered awarding compensation, from which decree an appeal was taken. Appealed sustained. ` Decree of sitting Justice reversed. Petition dismissed.

The case is stated in the opinion.

*P. A. Smith*, for plaintiff.

*Andrews, Nelson & Gardiner*, for defendants.

SITTING: CORNISH, C. J., HANSON, DUNN, MORRILL, DEASY, JJ.

HANSON, J. This is an appeal from a decree of a sitting Justice under Section 34 of the Workmen's Compensation Act, now found in Chapter 238, Public Laws, 1919, confirming the findings of the Chairman of the Industrial Accident Commission.

On May 21st, 1918, Frank Lemelin, while in the employ of the American Woolen Company at the Kennebec Mills at Fairfield, Maine, received a personal injury by accident arising out of and in the course of his employment. As a result of the accident, Mr. Lemelin lost his right hand at the wrist. On or about the 24th day of August, 1918, an agreement for compensation was entered into between Mr. Lemelin and the American Woolen Company, as employer, and Employers Liability Assurance Corporation, Ltd., as insurance carrier, under the provisions of which compensation was to be paid at the rate of $7.27 per week for a period of one hundred and twenty-five weeks, beginning June 4th, 1918. Said compensation was so paid as per settlement receipt. It was admitted that the payment for one hundred and twenty-five weeks was the proper amount of compensation to be paid for the injury which he received, as specific compensation as provided by Section 16 of the Workmen's Compensation Act, then in force. January 18, 1921, Mr. Lemelin filed a petition for award of compensation with the Industrial Accident Commission. A hearing was had on March 11th, all parties in interest appearing.

The respondents in their answer opposed the prayer of the petitioner on the following grounds:

"1. Said petition is not filed within the time prescribed by the Compensation Act.

2. Agreement for compensation because of alleged accident was entered into between claimant and respondent and duly approved

by the Commissioner of Labor. Action for further compensation, if any, should be by petition for review brought within the required time.

3. Agreement in this case provided for compensation in the sum of seven dollars and twenty-seven cents ($7.27) per week for a period of one hundred twenty-five weeks, which sums have been duly paid, and during said period, no further petition was filed."

Findings of fact by the Chairman of the Commission:

"On May 21st, 1918, the petitioner, Frank Lemelin, then a man about 66 years of age, received a personal injury by accident arising out of and in the course of his employment with the American Woolen Company, at Fairfield, as a result of which he lost his right hand at the wrist. An agreement providing specific compensation in the sum of $7.27 per week for a period of 125 weeks was entered into between the parties and approved by the Commissioner of Labor August 24, 1918. Compensation has been paid in full according to the terms of the agreement, the date of the last payment being November 18, 1920. Previous to the accident, which resulted in the loss of his right hand, Mr. Lemelin had lost the middle and ring finger on his left hand, so that he now has but two fingers and a thumb on his left hand and the stub of the right arm extending to the wrist. Mr. Lemelin is a man now 68 years old. Up to the date of the accident he had always engaged in manual labor to earn a living. His occupation for several years prior to the accident was mostly digging sewers and hard manual labor of that nature. He can neither read nor write. He has no trade or profession.

Since the date of the accident May 21, 1918, he has worked about two weeks altogether at a corn factory carrying baskets which he can do when he can get the work providing he can work with another man so he can carry a basket with his left hand. Other than the work done at the corn factory he has performed no manual labor for hire since the accident. He has tried to get work but could find none he could perform in his crippled condition. Since the last payment of compensation in November he has earned no money and has been unable to earn any entirely because of the loss of his right hand together with the crippled condition of the left.

His average weekly wage at the time of the accident was $15.10, which entitled him, under the Workmen's Compensation Act then in force, to a weekly compensation of $7.27.

Based on the above facts it is found that Frank Lemelin, the petitioner, is totally incapacitated for labor at the present time and has been totally incapacitated for labor since November 18, 1920, because of the injury sustained by him May 21, 1918, and that he is, therefore, entitled to compensation for total incapacity since that date.

IT IS THEREFORE ORDERED AND DECREED that the American Woolen Company, or its insurance carrier, the Employer's Liability Insurance Company, pay to the petitioner, Frank Lemelin, compensation in the sum of $7.27 per week commencing November 18, 1920, and to continue so long as the said Frank Lemelin is totally incapacitated for labor because of said injury, provided that the compensation paid as herein ordered shall in no event exceed the sum of three thousand dollars nor the period for which compensation is paid exceed 500 weeks from the date of the injury.

Dated at Augusta, Maine,
April 5th, 1921.

ARTHUR L. THAYER,
Chairman, Industrial Accident Commission."

The respondents in their brief contend, 1, that the petition for compensation was not properly entertained; and, 2, that there is no evidence to support a finding that petitioner suffered a compensable injury which resulted in total incapacity for work. An agreement was entered into between the employer and employee which was duly approved by the Commissioner August 24, 1918. On the face of the agreement was written these words, "Subject to review as provided by the Workmen's Compensation Act." These words added nothing to the agreement, as the statute gave the right to such review without them, as follows: "Sec. 36. At any time before the expiration of two years from the date of the approval of an agreement by the commission, or the entry of a decree fixing compensation, but not afterwards, and before the expiration of the period for which compensation has been fixed by such agreement or decree, but not afterwards, any agreement, award, findings or decree may be from time to time reviewed by the chairman or associate legal member upon the application of either party, after due notice to the other party, upon the grounds that the incapacity of the injured employee has subsequently ended, increased or diminished."

The approved agreement had the force of a judgment of a court (Section 35) and this was subject to review under Section 36, but only in the manner and within the time therein specified, viz.: "At any time before the expiration of two years from the date of the approval of an agreement by the commission . . . . but not afterwards, and before the expiration of the period for which compensation has been fixed by such agreement . . . but not afterwards," any agreement may be reviewed, etc. That is, in this case the petition for review in order to be within the statute should have been filed within two years after August 24, 1918, viz.: before August 24, 1920, and within the one hundred and twenty-five weeks, but not afterwards. Had a petition for review been filed within those periods it would have been in season. None was filed. The petition herein is not a petition for review—it is an original petition. If it could be construed into a petition for review, which it clearly cannot, it is barred by the statutory limitation of Section 36. Being an original petition for compensation, it is barred by the two-year limitation specified in Section 39. It is clear that the claimant has slumbered on his rights, and this court cannot now restore them to him in the face of the positive limitations fixed by the Workmen's Compensation Act. We may construe the Act liberally, but we cannot amend or add to it.

*Appeal sustained.*
*Decree of the sitting Justice*
    *reversed.*
*Petition dismissed.*